IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLIE FORTSON, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:14-CV-04130-RWS |
| EDWARDS PACKAGE STORE, : | |
| INC., : | |
| : | |
| Defendant. : | |

**ORDER**

This case comes before the Court on Plaintiff Willie Fortson's Motion to Dismiss Defendant Edwards Package Store's Counterclaim [9]. After reviewing the record, the Court enters the following Order.

**Background**

Plaintiff Willie Fortson ("Plaintiff") filed a Complaint alleging that Defendant Edwards Package Store ("Defendant") violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, by failing to pay Plaintiff overtime wages from December 31, 2011 through July 29, 2014. (Pl.'s Compl., Dkt. [1] ¶¶ 2, 8.) Defendant answered Plaintiff's Complaint and asserted a counterclaim for conversion. (Def.'s Answer and Countercl., Dkt. [8] ¶¶ 3–12.) Plaintiff moved to

dismiss Defendant's Counterclaim on the grounds that the Court lacks subject matter jurisdiction over Defendant's conversion claim. (Pl.'s Mot. to Dismiss, Dkt. [9] at 3.) The Court now sets out the legal standard for supplemental jurisdiction before considering the Plaintiff's Motion to Dismiss on the merits.

## Discussion

### I. Legal Standard

The statute which governs supplemental jurisdiction, 28 U.S.C. § 1367, provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).  Therefore, for federal courts to exercise supplemental jurisdiction over state law claims, the "state and federal claims must derive from a common nucleus of operative fact." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966).  When determining whether claims arise from a common nucleus, the Court considers whether the claims "involve the same witnesses, presentation of the same evidence, and determination of the same, or very similar facts." Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1563–64 (11th

2

Cir. 1994).

II.     **Analysis**

In its Counterclaim, Defendant alleges that Plaintiff converted money from the company's cash register for his personal use. (Def.'s Answer and Countercl., Dkt. [8] ¶ 7.) Specifically, Defendant states that on July 29, 2014, Defendant filed an incident report with the Elberton Police Department when Plaintiff allegedly stole from the cash register. (Id. ¶¶ 8.) Defendant's Counterclaim asserts that Plaintiff committed a discrete act of conversion on July 29, 2014. Defendant cites to four opinions from other district courts in the Eleventh Circuit in support of its position that the Court has jurisdiction over the counterclaim for conversion. The Court now addresses these opinions as they apply to the present case.

In three of the cases cited by Defendant, an employer-defendant's counterclaim calls into question the number of hours that the employee-plaintiff actually worked. See Zambrana v. Geminis Envios Corp., No. 08-20546-CIV, 2008 WL 2397624, at *1 (S.D. Fla. June 10, 2008) (counterclaim alleged employee surreptitiously accessed employee's customer list to solicit those customers' business for his own benefit while employee was allegedly working); Acrusa v. Lisa Coplan-Garder, P.A., No. 3:07-cv-712-J-33TEM, 2007 WL

3

3521986, at *1 (M.D. Fla. Nov. 15, 2007) (counterclaim alleged employee worked on her own personal commercial enterprises and converted employer's property to further her endeavor while allegedly working); Brewer v. Affordable Transp., Inc., No. 8:14–cv–2492–T–30MAP, 2015 WL 82616, at *1 (M.D. Fla. Jan. 6, 2015) (counterclaim alleged employee falsified trip logs and gas receipts).

In the present case, Defendant's Counterclaim, alleging one discrete act of conversion, falls short of challenging whether Plaintiff was actually working on July 29, 2014, or any other time during Plaintiff's two and a half years of employment. See Cruz v. Winter Garden Realty, LLC, No. 6:12–cv–1098–Orl–22KRS, 2012 WL 6212909 (M.D. Fla. Nov. 27, 2012) (finding no supplemental jurisdiction in an inadequate compensation case for employer-defendant's counterclaim that focused on discrete actions by employee that occurred while she was working); Wycoff v. Sani E Zehra, Inc., No. 2:13–cv–00006–JHE, 2014 WL 1246416 (N.D. Ala. March 24, 2014) (same).

Additionally, Defendant cites to Farris v. United Hoist Equip., Inc., No. 8:07-cv-2156-T-23EAJ, 2008 WL 341348 (M.D. Fla. Feb. 5, 2008). In Farris, an employer asserted a counterclaim alleging that the employee had used the company credit card for his own personal use, did not repay the employer, and

agreed to put his last week's pay towards satisfying his debt. Id. at *1. Thus, the employer argued that the employee's use of the company credit card determined the amount of the employee's unpaid wages to which the employer was rightfully entitled. Id.

In the present case, Defendant has not alleged that Plaintiff agreed to compensate Defendant for his act of conversion with unpaid labor. Without legal authority or factual support "for the proposition that an employer need not pay an employee for any hour worked in which the employee stole or was disloyal, [...] thievery and disloyalty will not be an issue with regard to the overtime pay case." Yeseren v. CKSINGH Corp., No. 2:10–cv–253–FtM–29DNF, 2010 WL 4023524, at *4 (M.D. Fla. Oct. 13, 2010).

Defendant's Counterclaim for conversion neither calls into question the number of hours Plaintiff worked, nor suggests any other reason that Plaintiff's alleged act of conversion should affect the compensation to which he is entitled. Accordingly, the Court does not find that Defendant's counterclaim for conversion derives from a common nucleus of operative facts as the Plaintiff's claim for inadequate compensation. Plaintiff's Claim and Defendant's Counterclaim involve distinct sets of facts, evidence, and witnesses. Based on the foregoing, the Court

5

cannot find that it has supplemental jurisdiction over Defendant's Counterclaim and the Court must **GRANT** Plaintiff's Motion to Dismiss Defendant's Counterclaim [9].

## Conclusion

For the foregoing reasons, Plaintiff's Motion to Dismiss Defendant's Counterclaim [9] is **GRANTED**.

**SO ORDERED**, this 20th day of May, 2015.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)