## SETTLEMENT AGREEMENT
## AND GENERAL RELEASE OF CLAIMS

Willie Fortson (hereinafter referred to as "Fortson") and Edwards Package Store, Inc. and Chong Yi (hereinafter together referred to as "EDWARDS PACKAGE STORE") hereby enter into this Settlement Agreement and General Release of Claims ("Settlement Agreement"). Hereinafter Fortson and EDWARDS PACKAGE STORE are collectively referred to as "Parties."

WHEREAS, Fortson worked for EDWARDS PACKAGE STORE; and

WHEREAS, Fortson severed his employment with EDWARDS PACKAGE STORE; and

WHEREAS, a dispute has arisen between Fortson and EDWARDS PACKAGE STORE regarding Fortson's employment and pay while working for EDWARDS PACKAGE STORE (hereinafter referred to as "the Dispute");

WHEREAS, Fortson has filed a lawsuit in the United States District Court for the Northern District of Georgia, captioned *Fortson v. Edwards Package Store, Inc. and Chong Yi*, Case No. 1:14-cv-04130-RWS (hereinafter referred to as the "Lawsuit");

WHEREAS, EDWARDS PACKAGE STORE denies all of the allegations and claims asserted by Fortson in the Dispute and Lawsuit, and nothing contained herein nor any payment made hereunder shall constitute an admission by EDWARDS PACKAGE STORE of any liability to Fortson, and EDWARDS PACKAGE STORE expressly denies any such liability; and

WHEREAS, the Parties desire to settle and resolve their disputes and all potential disputes relating to or arising out of Fortson's employment with EDWARDS PACKAGE STORE, including, without limitation, the Dispute and the Lawsuit;

NOW, THEREFORE, in consideration of the promises, covenants, and other terms set forth and referred to herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **Consideration.**

Fortson acknowledges that he has been given up to twenty-one (21) days to consider the Agreement. Fortson further acknowledges that: (a) he took advantage of this period to consider this Agreement before signing it; (b) he has carefully read this Agreement, and each of its provisions; (c) if he initially did not think any representation he was making in this Agreement was true, or if he initially was uncomfortable making it, he resolved all of his doubts and concerns before signing this Agreement; (d) he fully understands what the Agreement, and each of its provisions, means; and (e) he is entering into the Agreement, and each of its provisions, knowingly and voluntarily. Fortson further acknowledges that Edwards Package Store encourages him to discuss this Agreement, and each of its provisions, with an attorney (at his own expense) before signing it. He also acknowledges that he sought such advice to the extent he deemed appropriate and if he signs this Agreement before the end of the twenty-one (21) day period, it will be his voluntary decision to do so because he has decided that he does not need any additional time to decide whether to sign this Agreement.

Fortson further acknowledges that he may revoke this Agreement within seven (7) days after he signs it by giving written notice to counsel for the EDWARDS PACKAGE STORE by facsimile at (866) 800-1482 or email at aw@atlantaemployeelawyer.com. If Fortson revokes this Agreement, he understands that he shall not receive amounts or benefits that are described in this Section 1.

If Fortson does not revoke this Agreement within the timeframe discussed in the foregoing paragraph, EDWARDS PACKAGE STORE agrees to pay Fortson $29,250.00 in the manner described herein, in full accord satisfaction of Fortson's claims against EDWARDS PACKAGE STORE, upon receipt of a fully executed Settlement Agreement and appropriate tax forms. This payment will be made after receipt of Fortson's IRS Form W-9 and Fortson's attorney's, Barrett & Farahany, LLP's IRS Form W-9, as follows:

    a. to pay to Fortson Three Thousand Five Hundred Dollars and 0/100 ($3,500.00) as wage income, less lawful deductions, on or before August 30, 2015, or within 10

days after the Court approves the parties' motion for settlement approval and the dismissal of the Lawsuit, whichever date is later.

   b.   to pay to Fortson Three Thousand Five Hundred Dollars and 0/100 ($3,500.00) as non-wage income, to be reported by Employee as 1099 income, on or before August 30, 2015, or within 10 days after the Court approves the parties' motion for settlement approval and the dismissal of the Lawsuit, whichever date is later.

   c.   to pay to Barrett & Farahany, LLP Twenty Two Thousand Two Hundred and Fifty Dollars and 0/100 ($22,250.00) as non-wage income for attorneys' fees and litigation costs, to be reported as 1099 income, on or before August 30, 2015, or within 10 days after the Court approves the parties' motion for settlement approval and the dismissal of the Lawsuit, whichever date is later.

These checks will be mailed to V. Severin Roberts of Barrett & Farahany, LLP, counsel for Fortson, in accordance with the schedule set forth above. The parties further agree to use their best efforts to file their motion for settlement approval and dismissal of the lawsuit on or before August 15, 2015.

   2.   **No Other Claims or Future Compensation.**

Fortson specifically acknowledges and agrees that the settlement payment set forth in Paragraph 1 above represents a fair and equitable settlement of any and all claims for damages or payments related to the Dispute and as set forth in the Lawsuit, and that upon receipt of these monies he has no further claim for any wages, overtime, or other monies due or owing to him from EDWARDS PACKAGE STORE.

Fortson represents that he has not filed any charges, complaints, claims, demands, or lawsuits against EDWARDS PACKAGE STORE other than the Lawsuit. Accordingly, Fortson covenants and agrees that he will not seek or accept, either directly or indirectly, any monies, wages, or benefits (or anything else of value) from EDWARDS PACKAGE STORE in the future with regard to any employment related matter, whether filed on behalf of Fortson or any other similarly situated individuals. Fortson further represents that he will not take action to solicit or

encourage any other person to make, assert, or pursue any claim against EDWARDS PACKAGE STORE, but understands that he is not prohibited from honestly responding or adhering to a valid and binding subpoena or court order or participating in an agency investigation and that nothing herein is intended to affect his Section 7 rights under the National Labor Relations Act.

    3.   **Release.**

In consideration of the payment described in Paragraph 1 above, Fortson, on behalf of himself and his past, present, and future agents, representatives, attorneys, heirs, executors, administrators, successors, licensees, and assigns (hereinafter collectively referred to as "Releasors"), does hereby fully and forever release, waive, settle, reach full accord and satisfaction with, remise, discharge, and acquit EDWARDS PACKAGE STORE, and each of its past, present, and future parents, subsidiaries, affiliated entities, successors, predecessors, and assigns, and its and their past, present, and future officers, employees, agents, contractors, attorneys, insurers, successors, licensees, predecessors, and assigns (hereinafter collectively referred to as "Released Parties") from any and all actions, causes of action, suits, debts, claims, liens, and demands whatsoever, in law, in equity, or otherwise, whether known or unknown, which any of the Releasors ever had, now have, or hereinafter can, shall, or may have against any of the Released Parties, for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of time through and including the date on which Fortson executes this Settlement Agreement, including, but not limited to, claims related to Fortson's employment with EDWARDS PACKAGE STORE, the Dispute, and the Lawsuit. The claims that are being released include, but are not limited to, all common law contract, tort or other claims, as well as claims under the Fair Labor Standards Act (FLSA), the Age Discrimination in Employment Act (ADEA), the WARN Act, Title VII of the Civil Rights Act of 1964, Sections 1981 and 1983 of the Civil Rights Act of 1866, the Americans With Disabilities Act (ADA), the Employee Retirement Income Security Act of 1974 (ERISA), and similar state or local laws.

4. **No-Employment.**

Fortson confirms that he has no interest in employment with EDWARDS PACKAGE STORE and understands that he is not eligible for reinstatement or rehire or employment of any kind with EDWARDS PACKAGE STORE or its subsidiaries or related entities. Fortson agrees, as a condition of his receipt of the payment set forth in Paragraph 1 above, not to seek, apply for, or accept any such employment and acknowledges that EDWARDS PACKAGE STORE and any subsidiary or related entity is under no obligation or duty to consider him for future employment in any capacity.

5. **Entire Settlement Agreement.**

This Settlement Agreement represents the entire agreement and understanding between the Parties regarding Fortson's employment with EDWARDS PACKAGE STORE, the Dispute, or the Lawsuit. This Settlement Agreement supersedes any prior or contemporaneous written or oral communications or agreements between the Parties regarding the subjects hereof, and no amendment, modification, or waiver of this Settlement Agreement shall be valid unless in writing and signed by Fortson and EDWARDS PACKAGE STORE. Fortson represents and warrants that he has executed this Settlement Agreement without reliance on any statement or representation of fact or opinion by EDWARDS PACKAGE STORE or any other Released Parties, except as expressly set forth herein.

6. **Compliance and Severability.**

In consideration of the monies paid to him herein, Fortson represents and warrants that he will comply with all the terms of this Agreement. If any term or condition of this Settlement Agreement or the application thereof to any entity or circumstance shall to any extent be declared invalid or unenforceable, neither the remainder of this Settlement Agreement nor the application of such term or condition to any other entity or circumstance shall be affected

thereby, and each remaining term or condition of this Settlement Agreement shall be valid and enforceable to the fullest extent permitted by law.

Consequently, Fortson agrees that he will not directly or indirectly challenge any paragraph of the Agreement as invalid or unenforceable, nor assert unenforceability as a defense to any claim for breach of this Agreement. Fortson agrees that he will not act contrary to any paragraph of this Agreement, even if it is determined by any court to be illegal, invalid, or otherwise unenforceable, and understands that any such action by him found to be a material breach of the Agreement will result in a failure of consideration hereunder and EDWARDS PACKAGE STORE shall be entitled to all rights and remedies at law or in equity, including immediate injunctive relief to preclude further breach. The prevailing party will be entitled to recover costs and fees incurred for any action necessary to enforce the terms of this Agreement.

7. **Acknowledgment of Understanding.**

Fortson acknowledges that he has carefully read all the terms of this Settlement Agreement, has had an ample and reasonable opportunity to discuss it with his attorney of choice, is hereby advised to consult with his attorney of choice, has in fact discussed it with his attorney of choice, and signs the same with full knowledge that this Settlement Agreement forever releases EDWARDS PACKAGE STORE, the Released Parties, and any related or affiliated persons or entities, from any legal action arising from Fortson's employment with and cessation of employment from EDWARDS PACKAGE STORE. Further, Fortson acknowledges that she has in fact had a reasonable period of time within which to consider this Settlement Agreement.

WHEREFORE, the Parties have executed this Settlement Agreement as of the date(s) set forth below.

Willie Fortson     08-21-15     [signature] EDWARDS PACKAGE STORE     9/07/15
Willie Fortson     Date                                                        Date

7 of 7